UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DORIAN M. TEAGUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12CV212 SNLJ |
| | ) | |
| S. HENRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1052671), an inmate at Jefferson City Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $7.11. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $17.25, and an average monthly balance of $35.57. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $7.11, which is 20 percent of plaintiff's average monthly balance.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

### The Complaint

Plaintiff, an inmate at Jefferson City Correctional Center ("JCCC"), brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Named as defendants are several correctional employees from Southeast Correctional Center ("SECC"): S. Henry; Dwayne Kempker; Unknown Wertenberger; L. Barns; T. Wilhit; P. Phillips; Gina Cook; and Roger Terry.

Plaintiff asserts that on January 10, 2010, his cell was searched by defendant Henry. Plaintiff claims that defendant Henry issued him a conduct violation after he found a green leafy substance in the bottom of a blue and white cooler in the cell that he shared with inmate Kimmie Watts. Plaintiff does not dispute that the green leafy substance field tested positive for THC, or marijuana. Rather, plaintiff asserts that defendant Henry issued him a "false conduct violation" because he did not prove prior to issuing him a conduct violation that the blue cooler belonged to him. Plaintiff further alleges that at the disciplinary hearing on the conduct violation, he repeatedly denied having ownership or possession of the cooler. He asserts that despite requesting a witness to testify on his behalf, Kimmie Watts, at the hearing, his request for a witness was denied by hearing officer Barnes.[1] Plaintiff further asserts that he

---

[1] The grievance response attached to plaintiff's complaint, and considered part of the complaint pursuant to Fed.R.Civ.P. 10, indicates that plaintiff requested inmate Kimmie Watts as a witness on the date of the disciplinary hearing, which was held on June 2, 2010. By this time, according to the grievance response, inmate Watts had been transferred to another institution. Plaintiff does not dispute

-4-

believes that defendants Cook and Price falsified documents because he was at one time "informed by caseworker Price that the investigation was dropped by investigator Ms. Gina Cook, their [sic] was not enough evidence to find the plaintiff Guilty."

Plaintiff seeks both monetary and injunctive relief in his complaint.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted.[2]

---

this fact in his appeal of the grievance response.

[2]Even if plaintiff had named defendants in their individual capacities, his claims would still be subject to dismissal. To state a claim under § 1983 for unconstitutional placement in administrative segregation, a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship."

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $7.11 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of March, 2013.

　　　　　　　　　　　　　　　　　　/s/ Stephen N. Limbaugh, Jr.
　　　　　　　　　　　　　　　　　　STEPHEN N. LIMBAUGH, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff has made no such allegations. As a result, the complaint is frivolous or fails to state a claim upon which relief can be granted, and the Court will not order the Clerk to issue process or cause process to issue on the complaint.